UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PIERRE M. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-cv-1320 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION & ORDER

Before the Court is a Motion to Vacate or Correct an Illegal Sentence (Doc. 1) brought by Petitioner, Pierre M. Smith. For the reasons stated below, the motion is DENIED.

### BACKGROUND

On October 13, 2015, Petitioner entered into a Plea Agreement with the Government in which he agreed to plead guilty to Counts One and Three of the Indictment. (Doc. 28 at 2, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)). Count One alleged that Petitioner violated 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(C) by possessing controlled substances with intent to distribute and Count Three alleged violation of 18 U.S.C. § 924(c) for being a felon in possession of a firearm in furtherance of a drug trafficking crime. (Doc. 1, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)). On that same day, Petitioner pled guilty to Counts One and Three of the indictment as discussed in his plea agreement. (October 13, 2015 Minute Entry, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)). His judgment of conviction was

1

entered on February 24, 2016. (Doc. 37, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)). Despite waiving his right to collateral attack (Doc. 28 at 6-7, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)), Petitioner now collaterally attacks his conviction for Count Three of the Indictment because he believes the holding of *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015) renders his conviction unconstitutional.

## LEGAL STANDARDS

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct preliminary reviews of § 2255 motions. The rule states in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

Section 2255 of Chapter 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir.

2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting a fundamental defect that results in a complete miscarriage of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)).

## DISCUSSION

### I. Merits of the Motion

Last year, the Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551, that the residual clause of § 924(e)(2)(B)(ii) was unconstitutionally void for vagueness. Petitioner was convicted of violating § 924(c), which contains a phrase very similar to § 924(e)'s residual clause. That clause in § 924(c)—"involves a substantial risk that physical force against the person or property of another"—appears in the explanation of what is a "crime of violence." 18 U.S.C. § 924(c)(3)(B). However, section 924(c) is not only violated when a felon possesses a handgun in furtherance of a "crime of violence." It is also violated when a felon possesses a handgun in furtherance of a "drug trafficking crime." The relevant statutory provision is as follows:

> any person who, during and in relation to any **crime of violence or drug trafficking crime**..., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime... shall be sentenced to...

18 U.S.C.A. § 924(c)(1)(A) (emphasis added).

A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et. seq*.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et. seq*.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). The term "crime of violence" is defined as an offense that "is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). This all means that even if *Johnson* applied to section 924(c)(3)(B)'s definition of "crime of violence", which several courts have explicitly held it does not, *see Eldridge v. United States*, No. 16-CV-3173, 2016 WL 4062858, at *3 (C.D. Ill. July 29, 2016) (collecting cases), such application would have no effect on Petitioner's conviction, because he was not convicted for possessing a firearm in furtherance of a "crime of violence."

It is beyond doubt that Petitioner was convicted of possessing a firearm in furtherance of a "drug trafficking crime" not a "crime of violence." In Petitioner's plea agreement, there is a section entitled "Factual Basis," in which the defendant stipulated and admitted to certain allegations set forth in his indictment and other facts surrounding his offenses for which he was convicted. The Court asked Petitioner at his change of plea hearing whether the factual basis for the plea contained in the plea agreement was accurate and Petitioner confirmed that it was accurate. By pleading guilty through a written plea agreement, a defendant admits certain facts

through the agreement and his answers to the court during his change-of-plea colloquy, which he may not later deny. *United States v. Scalzo*, 764 F.3d 739, 746 (7th Cir. 2014).

Furthermore, Petitioner stipulated and agreed in the plea agreement that he possessed cocaine, that he knew that he possessed cocaine, and that he intended to distribute the cocaine to at least one other person. (Doc. 28 at 14, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)). He further stipulated that he knowingly possessed a Smith & Wesson semi-automatic model SW40v handgun to protect himself and his drugs and money from robbery. (Doc. 28 at 2, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)). These facts illustrate that Petitioner was convicted of possessing a firearm in furtherance of a "drug trafficking crime" under 18 U.S.C. § 924(c)(2), not a "crime of violence" under 18 U.S.C. § 924(c)(3).

But perhaps even more clear for the purposes of this motion is that fact that in Count Three of the Indictment (Doc. 1 at 2, *United States v. Smith*, No. 15-cr-1000 (C.D. Ill.)), to which Petitioner pled guilty, it clearly states "PIERRE M. SMITH, did knowingly possess a firearm, a .40 caliber Smith & Wesson semi-automatic model SW40v handgun, serial #PAY4732, in furtherance of a **drug trafficking crime**, namely possession of cocaine with intent to distribute as charged in Count 1 of this Indictment." (emphasis added). Petitioner cannot get around these facts and therefore, his instant 2255 motion is without merit on its face as the now-defunct "residual clause of 18 U.S.C. § 924(e) has no bearing on his conviction.

## II. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ with the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate or Correct an Illegal Sentence (Doc. 1) is DENIED. No Certificate of Appealability shall issue from this Court.

**SO ORDERED**.

Entered this <u>31st</u> day of August, 2016.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
